Argued and submitted August 21, reversed and remanded November 8, 1989

# STATE OF OREGON,
*Appellant,*

*v.*

# JOHN CALVIN EDWARDS,
*Respondent.*

## (88-371-MD; CA A60309)

781 P2d 1233

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant was charged with driving under the influence of intoxicants and moved, before trial, to suppress the results of his breath test. The court granted the motion and the state appeals. We reverse.

Defendant contended that the officer did not comply with the regulations regarding performance of the test. The relevant rule, OAR 257-30-020(1)(b), provides, in part:

> "The operator must make certain the subject has not taken anything by mouth, (drinking, smoking, eating, taking medication, etc.) vomited, or regurgitated liquid from his stomach into his mouth, for at least 15 minutes before taking the test."

Defendant argued that, because the officer could not recall whether he had used his wristwatch or the clock on the wall of the jail in determining when the 15-minute period began and when it ended, the state did not establish that 15 minutes actually elapsed.

The arresting officer was the only witness. The trial court found:

> "1.   The defendant was arrested for Driving Under the Influence of Intoxicants on February 19, 1988, at 9:00 p.m. The arresting officer, Deputy Dailey, used his watch to record the time of arrest.
>
> "2.   Subsequent to his arrest, the defendant was transported to the Klamath County Jail by Deputy Dailey. The distance between the location of the arrest and the County Jail is 3 miles. The defendant was booked into the County Jail at 9:05 p.m.
>
> "3.   The defendant agreed to submit to the intoxilyzer upon request of the officer. Deputy Dailey began the 15 minute observation period required by OAR 257-30-020 at 9:09 p.m., and defendant submitted a breath sample at 9:36 p.m. Deputy Dailey used his own watch as well as the jail clock to calculate the 15 minute observation period, but was unable to remember which time piece he used to record the beginning and end of the period.
>
> "4.   Officer Dailey testified that he has never noticed a discrepancy in time between his watch and the jail clock.
>
> "In light of the above, I find that the officer did not comply

with 15 minute observation period as required by OAR 257-30-020."

If the court's ruling means that, as a matter of law, the officer must use only one time piece in calculating the 15-minute period, it is in error. If the court concluded that the state did not show compliance with the rule as a matter of fact, there is no evidence to support that conclusion. The officer testified, and the trial court found, that defendant was arrested at 9:00 p.m. according to the officer's wristwatch. They drove three miles to the jail and arrived at 9:05 p.m. as determined by the jail clock. The officer began the observation period at 9:09 p.m. and administered the test at 9:36 p.m. The difference between 9:09 p.m. and 9:36 p.m. is 27 minutes. Even if the officer calculated the beginning or ending of the period with different time pieces, there is no evidence that the variation between the time pieces was as much as the 13 minutes that would be necessary to support the court's ruling. Rather, the officer testified that he had never noted a discrepancy between his watch and the jail clock.

The evidence here simply does not support the fact implicitly found by the court that the officer did not observe defendant for the 15 minutes required by OAR 257-30-020(1)(b).

Reversed and remanded.